THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM D. CAVE and<br>PAMELA L. SMITH, on behalf of themselves<br>and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SAXON MORTGAGE SERVICES, INC. and<br>OCWEN LOAN SERVICING, LLC,<br><br>                    Defendant. | Case No. 2:12-cv-05366-JP<br><br>Judge John R. Padova |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT**

**I.     INTRODUCTION**

Defendant Ocwen Loan Servicing, LLC'S ("Ocwen" or "Defendant") Motion to Dismiss Plaintiffs' William D. Cave and Pamela L. Smith ("Plaintiffs") Class Action Complaint ("Complaint" or "Compl.") should be denied because the Complaint sufficiently states claims for violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2(xxi) ("UTPCPL") (Count III), and the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count IV).[1]

Ocwen attempts to evade liability for its violations of the FDCPA and UTPCPL by pointing the finger at co-defendant Saxon Mortgage Services, Inc. ("Saxon"), and claiming that it was Saxon alone who misrepresented the eligibility of Mr. Cave's mortgage loan for a

---

[1] Plaintiffs do not oppose Ocwen's motion with respect to breach of contract (Count I),and promissory estoppel (Count II) in light of the Court's rulings in the related action, *Lisa and Scott Cave v. Saxon Mortgage Services, Inc., et al.*, No. 2:11-cv-04586-JP, 2012 WL 6209891, at *4-*6 (E.D. Pa. Dec. 12, 2012), dismissing substantially similar claims against Ocwen.

modification under the federal Home Affordable Mortgage Program ("HAMP").  (*See* Brief in Support of Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiffs' Complaint ("Ocwen Mem.") at 4.)

As shown below, Saxon offered Mr. Cave a HAMP Trial Period Plan Contract ("TPP"), which Mr. Cave accepted.  (Compl. at ¶¶ 55-56.)  Saxon then executed the TPP on behalf of the investor who owns Mr. Cave's mortgage.  (*Id*. at ¶ 57.)  Plaintiff alleges that Saxon's actions represented that it had obtained any authorizations needed from the owner of Mr. Cave's loan to offer him a TPP, and to permanently modify his loan under HAMP.[2]  (*Id*. at ¶ 58.)  Eventually, servicing of Mr. Cave's loan was released by Saxon and transferred to Ocwen, who advised Mr. Cave that he would again need to apply for a HAMP modification.  (*Id*. at ¶¶ 66-67.)  Mr. Cave did so, but, in a letter dated August 17, 2010, Ocwen denied his application on the grounds that "the owner of your loan does not allow loan modifications or is not participating in the HAMP program."  (*Id*. at ¶ 67.)  Plaintiff alleges that this statement contradicts Saxon's representations that it had obtained necessary authorization from the investor that owns his loan and that his loan was eligible for modification under HAMP.  These conflicting representations by defendants Saxon and Ocwen cannot be reconciled on a motion to dismiss.

Ocwen's statements in its August 17, 2010 letter to Mr. Cave violate the FDCPA, as such statements constitute a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  By stating a viable claim against Ocwen pursuant to the FDCPA, Mr. Cave he has also stated a claim under the UTPCPL.  *See Beckworth v. Law Office of Thomas Landis, LLC*, No. 11-7277, 2012 WL 1361671, at *7 n. 12 (E.D. Pa. Apr.18, 2012) (holding that a violation of the FDCPA also establishes a claim under the

---

[2] Although Mr. Cave fully performed all of his obligations under the TPP Contract, Saxon failed to offer him a permanent HAMP loan modification by the end of his trial period. (*Id.* at ¶¶ 60-62.)

UTPCPL). Moreover, Ocwen's misrepresentations to Mr. Cave violate the "catchall provision" of the UTPCPL, as such statement constitute "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" in the conduct of trade or commerce. 73 Pa. Stat. § 201-2(4)(xxi). Accordingly, Ocwen's motion with respect to Counts III and IV should be denied.

## II.     PROCEDURAL HISTORY

Plaintiffs filed a class action complaint against defendants Ocwen and Saxon, on September 19, 2012. This case is related to a similar class action also pending in this Court styled *Lisa and Scott Cave v. Saxon, et al.*, No. 2:11-cv-04586-JP. On December 28, 2012, defendant Saxon moved to dismiss Plaintiffs complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 11. Plaintiffs filed their response in opposition to Saxon's motion to dismiss on January 28, 2013 (*see* Dkt. 13), and Saxon filed its reply brief on February 15, 2013. *See* Dkt. 16. On April 10, 2013, Oral Argument was held on Saxon's motion before the Hon. John R. Padova. On May 9, 2013, the Court issued a Memorandum and Opinion denying Saxon's motion in its entirety. *See* Dkt. 28.

Defendant Ocwen filed the instant motion on March 15, 2013. *See* Dkt. 18. The time for Plaintiffs to respond to this motion was extended several times in order to allow Plaintiffs and Ocwen time to negotiate a settlement and, in fact, Plaintiff Pamela Smith has already settled her claims against Ocwen.

## III.    STATEMENT OF FACTS

Plaintiff William D. Cave applied to Saxon in August 2009 for a HAMP mortgage modification, after suffering financial hardship and experiencing difficulty in paying his mortgage. (Compl. ¶ 54.) Mr. Cave provided Saxon with all requested financial information in support of his application. (*Id.*) Saxon notified Mr. Cave that he had been approved for a TPP,

and sent him a written copy of the TPP on September 16, 2009. (*Id*. ¶ 55.) Mr. Cave promptly signed and returned the TPP to Saxon, along with his modified payment. (*Id*. ¶ 56.) On October 5, 2009, Plaintiff's TPP Contract was executed by Annette Boman of Saxon as "attorney-in-fact" for Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2005-HE4 (the "Trustee"), and returned it to Plaintiff, thus indicating that Saxon had determined that Plaintiff was qualified for a permanent HAMP modification. (*Id*. ¶ 57.)  By executing the TPP Contract as attorney-in-fact for the Trustee, Saxon represented that it had obtained all necessary waivers and consents from the Trustee that were necessary to permanently modify Mr. Cave's mortgage. (*Id*. ¶ 58.)

Mr. Cave fully performed all of his obligations under the TPP, including making all reduced monthly payments on time and providing copies of all financial documents requested by Saxon, including a Hardship Affidavit. (*Id*. ¶ 60.) Despite Mr. Cave's full performance under the TPP, Saxon failed to provide him with a permanent HAMP loan modification agreement on the terms promised in the TPP, and also failed to provide him with a timely written denial letter explaining its basis for denying him a permanent modification. (*Id*. ¶ 61.)

By letter dated April 1, 2010, Mr. Cave was advised that Saxon was transferring the servicing of his mortgage to Ocwen, effective April 16, 2010. (*Id*. ¶ 66.) Ocwen informed Mr. Cave that he would need to apply for another HAMP modification, and if he did not qualify under HAMP, he would be considered for an in-house modification. (*Id*. ¶ 67.) Cave applied to Ocwen for a HAMP modification, which Ocwen denied by letter dated August 17, 2010. (*Id*.) Ocwen's August 17 denial letter stated Cave that "the owner of your loan does not allow loan modifications or is not participating in the HAMP program." (*Id*.)  Plaintiff alleges that Ocwen's statement is materially misleading, as Saxon represented that the owner of Mr. Cave's loan had

previously authorized and consented to a entering into a trial modification under HAMP, which is contrary to the reason Ocwen provided for rejecting Mr. Cave's modification application.

## IV. ARGUMENT

### A. Standard of Review

A motion to dismiss is defeated where the complaint alleges "enough factual matter (taken as true)" to suggest that a violation occurred, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Under the liberal pleading standard of Fed. R. Civ. P. 8(a), only "a short plain statement of the claim showing that the pleader is entitled to relief" is required, the purpose of which is to place the opposition on notice of the conduct charged. A court's task in resolving a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[3] *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993); *see also Register v. PNC Fin. Servs. Group, Inc.*, 477 F.3d 56, 61 (3d Cir. 2007) (on a motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims'"). *Twombly* instructs courts to apply a "plausibility" standard of review under Fed. R. Civ. P. 12(b)(6). 550 U.S. at 553.

### B. Plaintiffs State a Viable Claim Under the FDCPA

Ocwen asserts that Mr. Cave's claim for violations of the FDCPA "is based entirely on Saxon's relationship with Plaintiffs through TPP arrangements between Plaintiffs and Saxon," and that Plaintiffs do not allege any independent acts attributable to Ocwen. (Ocwen Mem. at 13.) Ocwen further asserts that "Plaintiff has not alleged that Ocwen made any

---

[3] The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

5

misrepresentations in relation to Plaintiffs' loan modification status." (Ocwen Mem. at 14.) Owen is mistaken.

The FDCPA prohibits a debt collector's "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Certain "unfair practices" are prohibited under the FDCPA, including "[t]he collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law," 15 U.S.C. § 1692f(1), and the "false representation of—(a) The character, amount, or legal status of any debt." 15 U.S.C. 1692e(2). Communications between lenders and debtors are analyzed from the perspective of the "least sophisticated debtor," which is "lower than the standard of a reasonable debtor" in that "'[a] communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir.2008) (*quoting Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir.2006) (remaining citation omitted)). "'[T]he basic purpose of the FDCPA [is to] to protect all consumers, the gullible as well as the shrewd.'" *Id*. (*quoting Brown*, 464 F.3d at 454).

Here, Mr. Cave alleges that "Defendant Ocwen violated 15 U.S.C. § 1692e(2)(A) by sending [Mr. Cave] communications that misrepresented the … legal status of Plaintiffs' mortgage debt, including, but not limited to, (i) representations concerning whether the owner(s) of Plaintiffs' loan(s) authorize or otherwise allow loan modifications; and (ii) representations concerning the eligibility criteria for HAMP." (Compl. ¶ 131.) In particular, Mr. Cave alleges that Saxon executed his TPP Contract as attorney-in-fact for the Trustee, thus indicating that Saxon had obtained all necessary waivers and consents from the Trustee that were necessary to permanently modify Plaintiff's mortgage. (*Id*. ¶ 58.) However, when Mr. Cave applied to Ocwen for a HAMP modification, he was told by Ocwen, in a letter dated August 17, 2010, that

"the owner of your loan does not allow loan modifications or is not participating in the HAMP program." (*Id.* ¶ 67.) Mr. Cave alleges that the statements in Ocwen's August 17, 2010 letter statement are materially misleading, because Saxon's execution of the TPP on behalf of the Trustee represented that the owner of Mr. Cave's loan had authorized and consented to a entering into a trial modification under HAMP. This is contrary to the reason given by Ocwen for rejecting Mr. Cave's modification application. Plainly, the "least sophisticated debtor" would be misled by Defendants' conflicting representations. *Rosenau*, 539 F.3d at 221.

Contrary to Ocwen's insinuation, Mr. Cave has not alleged that Saxon's representation that it had obtained the waivers and consents from the Trustee needed to modify his loan was false. (*See* Ocwen Mem. at 15, arguing that "Plaintiffs at the same time allege that Saxon's prior behavior was erroneous, misleading and false."). However, even if Mr. Cave did allege Saxon's representations were false, he can certainly allege in the alternative that Ocwen's contradictory representations concerning the eligibility of his loan for a modification were false. Moreover, Defendants' contradictory statements concerning the status of Mr. Cave's loan cannot be reconciled in the context of a Rule 12(b)(6) motion. Discovery will be needed to determine the veracity of Defendants' contradictory representations, including discovery from the Trustee as to what, if any, loan modification activities it authorized.

Thus, Plaintiff Cave has sufficiently alleged that Ocwen violated the FDCPA by making a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Accordingly, Ocwen's motion should be denied.

### C.     Plaintiffs State a Viable Claim Under the UTPCPL

With respect to Mr. Cave's UTPCPL claim, Ocwen again points the finger at Saxon, stating, "Plaintiffs' UTPCPL allegations have nothing to do with Ocwen; rather, their allegations

7

all concern Plaintiffs' claims against Saxon." (Ocwen Mem. at 11.) Ocwen is wrong. As shown above, Plaintiff sufficiently pleads that Ocwen independently misrepresented the eligibility of Mr. Cave's loan for a modification. (Compl. ¶ 67.) Mr. Cave relied on this misrepresentation and he was harmed by it – he has not been considered for any form of loan modification by Ocwen.

The UTPCPL prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. Stat. § 201-3. The statute prohibits, in the "catchall provision," "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" in the conduct of trade or commerce. 73 Pa. Stat. § 201-2(4)(xxi). To state a plausible claim under the UTPCPL, a Complaint must allege that a plaintiff "(1) purchased or leased goods or services primarily for a personal, family, or household purpose; (2) suffered an ascertainable loss of money or property; and (3) the loss occurred as a result of the use or employment by a person of a method, act, or practice declared unlawful by the UTPCPL." *Baynes v. George E. Mason Funeral Home, Inc.*, Civ. A. No. 09-153, 2011 WL 2181469, at *4 (W.D. Pa. June 2, 2011) (citing 73 Pa. Stat. § 201-9.2(a)).

Under the UTPCPL, a deceptive act is "'conduct that is likely to deceive a consumer acting reasonably under similar circumstances.'" *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. Aug.4, 2009) (*quoting Black's Law Dictionary*, at 455 (8th ed.2004)). The Complaint must also allege that the plaintiffs justifiably relied on the defendant's alleged deceptive conduct. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008) (concluding that "plaintiffs alleging deceptive conduct under the ... catchall provision must allege justifiable reliance"). In other words, the Complaint must allege that knowledge of the deceptive conduct "would have changed [Plaintiffs'] conduct." *Id*. at 227.

First, because Plaintiff has stated a claim against Ocwen pursuant to the FDCPA, he has also stated a claim under the UTPCPL. *See Beckworth*, 2012 WL 1361671, at *7 n. 12 ("since Plaintiff has established a viable claim under the FDCPA, it has established a viable claim under the [UTPCPL]").

Second, Mr. Cave has enumerated Owen's unfair and deceptive acts on which Plaintiff Cave relied and by which he was deceived (*i.e.*, that the investor in his loan "does not allow loan modifications," when apparently the Trustee had already authorized a modification). (¶ 67.) Contrary to Ocwen's assertions (Ocwen Mem. at 11-12), its misstatement violates the UTPCPL's "catchall provision," as it constitutes "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" in the conduct of trade or commerce. 73 Pa. Stat. § 201-2(4)(xxi). Mr. Cave justifiably relied on Ocwen's statement. Moreover, contrary to Ocwen's argument that "Plaintiffs make no allegation of any ***damages*** or ***injury*** caused by Ocwen independent of the claims they have made … against Saxon relating to their TPP circumstances," (Ocwen Mem. at 12; emphasis in orig.), Mr. Cave adequately alleges that he was harmed by Ocwen's conduct. Specifically, he was damaged and injured by not being considered for a loan modification by Ocwen. Thus, Mr. Cave states a claim against Ocwen under the UTPCPL.

### D.     Because Plaintiff Has Stated a FDCPA Claim, the Court Has Subject Matter Jurisdiction Over Plaintiff's Claims Against Ocwen

Lastly, relying on its flawed FDCPA argument, Ocwen contends that the Court should dismiss the Complaint for lack of subject matter jurisdiction. (*See* Ocwen Mem. at 15-16). For the reasons stated above, Mr. Cave has stated a claim for violations of the FDCPA against Ocwen (as well as claims for violations of the UTPCPL). Accordingly, the Court retains subject matter jurisdiction over Mr. Cave's claims against Ocwen.

**V.** **Conclusion**

For the foregoing reasons, Defendant Ocwen's motion to dismiss Counts III and IV of Plaintiffs' Class Action Complaint should be denied.

Dated:  July 6, 2013

Respectfully submitted,
**BERGER & MONTAGUE, P.C.**

By: /s/ Todd S. Collins
Todd S. Collins
Eric Lechtzin
1622 Locust Street
Philadelphia, PA  19103
Telephone:  215-875-3000

**ANN MILLER, LLC**
Ann Miller
890 Easton Road, Suite M-1
Horsham, PA  19044
Telephone: (215) 238-0468

*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 6, 2013, I served via e-mail a copy of the within Memorandum of Law in Opposition To Defendant Ocwen Loan Servicing, LLC's Motion To Dismiss Plaintiffs' Class Action Complaint upon all counsel listed below:

Thomas T. Loder
Brett L. Messinger
Ryan E. Borneman
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Tel: (215) 979-1000

*Attorneys for Defendant*
*Ocwen Loan Servicing, LLC*


Jason R. Scherr
Stephanie Schuster
BINGHAM MCCUTCHEN LLP
2020 K Street NW
Washington, DC 20006-1806
Tel: (202) 373-6000

-and-

Richard A. O'Halloran
DINSMORE and SHOHL LLP
1200 Liberty Ridge Drive, Suite 301

*Attorneys for Defendant*
*Saxon Mortgage Services, Inc.*

/s/ Eric Lechtzin
Eric Lechtzin