IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM D. CAVE and PAMELA L. SMITH**, on behalf of themselves and all others similarly situated,<br>  Plaintiffs,<br><br>  v.<br><br>**SAXON MORTGAGE SERVICES, INC.** and **OCWEN LOAN SERVICING, LLC,**<br><br>  Defendants. | No. 12-cv-5366-JP |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY OCWEN LOAN SERVICING, LLC

Plaintiff William Cave admits that the ***only*** basis for ***any*** of his remaining claims[1] against Ocwen is an August 17, 2010 letter to Mr. Cave stating that "the owner of your loan does not allow loan modifications or is not participating in the HAMP program." Pl. Br. at 7, 9. Because ***this statement is true***, however, there can be no basis for Mr. Cave's allegation that Ocwen's statement is a "misrepresentation" under the FDCPA or "deceptive conduct" under the UTPCPL (because this statement is allegedly contradicted by Saxon's "actions" in executing a Trial Period Plan (Compl. ¶ 58)), which Saxon is responsible for as a matter of law.

The basis for dismissal is plain, simple, fully documented, and beyond dispute by virute of the fact that, by the terms of the Pooling and Subservicing Agreement for Plaintiff William Cave's loan, the investor of William Cave's loan ***does not allow loan modifications***:

---

[1] Plaintiff Pamela Smith and Ocwen have settled all claims between them. Plaintiff Mr. Cave does not oppose dismissal of the claims of breach of contract (Count I) and promissory estoppel (Count II).

> Notwithstanding anything in this Agreement to the contrary, Servicer may not make any future advances with respect to a Mortgage Loan (except as provided in Section 4.01) and *the servicer shall not* (i) *permit any modification with respect to any Mortgage loan that would change the Mortgage Rate, reduce or increase the principal balance* (except for reductions resulting from actual payments of principal) *or change the final maturity date on such mortgage loan* (except for a reduction of interest payments resulting from the application of the Servicemembers Civil Relief Act or any similar state statutes) . . ..

See July 15, 2013 Declaration of Brett L. Messinger ("Messinger Decl."), Exhibit A, at Article III. Section 3.01 (c), page 83.[2]  Therefore, Ocwen did not make any false statement to warrant or support a claim under the FDCPA nor did Ocwen engage in any deceptive conduct which would warrant or support a claim under the UTPCPL.

As William Cave has admitted, the alleged "inconsistent" statement contained in the August 17, 2010 letter is the *only* factual allegation independently directed at Ocwen. Accordingly, dismissal of all of Plaintiff's claims against Ocwen is proper.  A complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) ("mere conclusions are not entitled to the assumption of truth" and "must be supported by factual allegations.").  Plaintiff does not and has not plead factual allegations that Ocwen misrepresented its authority to modify William Cave's loan.  William Cave has not stated any reason, nor any basis, to contest the basic terms of the Pooling and

---

[2]  When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004). A district court may also consider documents that a defendant attaches as an exhibit to a motion to dismiss (the authenticity of which Plaintiffs do not plausibly dispute) if the plaintiff's claims are based on the document. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, this Court may consider the Pooling and Subservicing Agreement because Plaintiffs repeatedly make reference to the authority given to the servicer by the investor, which is set forth in the Pooling and Servicing Agreement of the IXIS Real Estate Capital Trust 2005-HE4. Compl. ¶¶ 57, 58, 67.  Although unnecessary, this Court may convert Ocwen's Motion to Dismiss into a Motion for Summary Judgment because there is no genuine dispute as to any material fact.

2

Servicing Agreement applicable to his loan.  The terms of William Cave's loan are immutable, and consistent with Ocwen's August 17, 2010 statement: the investor of William Cave's loan does not permit modifications.  William Cave is therefore without any basis for a claim against Ocwen.

Accordingly, for the foregoing reasons stated herein and in its Motion to Dismiss, Ocwen's Motion should be granted, and Plaintiff's Complaint should be dismissed without leave to amend.

Dated:  July 15, 2013

Respectfully submitted,

DUANE MORRIS LLP

 /s/ Erin M. Carter
Thomas T. Loder
Brett L. Messinger
Ryan E. Borneman
Erin M. Carter
30 South 17th Street
Philadelphia, PA  19103
Tel:  (215) 979-1181
TTLoder@duanemorris.com
BLMessinger@duanemorris.com
REBorneman@duanemorris.com
EMCarter@duanemorris.com

*Attorneys for Defendant*
  *Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I, Erin M. Carter, hereby certify that I caused a true and correct copy of the foregoing Ocwen Loan Servicing, LLC Motion to Dismiss to be served by operation of the Court's ECF system on July 15, 2013 on the following counsel of record:

Eric Lechtzin, Esquire
Todd S. Collins, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
elechtzin@bm.net
tcollins@bm.net

Ann Miller, Esquire
Ann Miller, LLC
890 Easton Road, Suite M-1
Horsham, PA 19044
am@attorneyannmiller.com

*Attorneys for Plaintiffs*

Richard A. O'Halloran, Esquire
Marshall H. Schreibstein, Esquire
Dinsmore & Shohl LLP
1200 Liberty Ridge Drive, Suite 310
Wayne, PA 19087
raohalloran@burnswhite.com
mhschreibstein@burnswhite.com

Jason R. Scherr, Esquire (*pro hac vice*)
Catherine R. Murphy, Esquire (*pro hac vice*)
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
jr.scherr@bingham.com
catherine.murphy@bingham.com

*Attorneys for Defendant Saxon Mortgage Services, Inc.*

                                                   */s/ Erin M. Carter*
                                                   Erin M. Carter